Kathryn J. Halford (CA Bar No. 068141)
Email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
Email: erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA PENSION TRUST; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA INDIVIDUAL RETIREMENT ACCOUNT (DEFINED CONTRIBUTION) TRUST; BOARD OF TRUSTEES OF THE ELEVEN COUNTIES CEMENT MASONS VACATION SAVINGS PLAN; BOARD OF TRUSTEES OF THE CEMENT MASONS JOINT APPRENTICESHIP TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA LANDSCAPE & DESIGN, INC. dba CALIFORNIA SKATEPARKS, also dba as CALIFORNIA RAMP WORKS, INC., California corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT; VIOLATION OF ERISA; SPECIFIC PERFORMANCE**<br><br>[29 U.S.C. §301(A); 29 U.S.C. §1145] |

Plaintiffs complain and allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with ERISA § 502(e), 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Board of Trustees of the Eleven-Counties Cement Masons Vacation Savings Plan, and Board of Trustees of the Cement Masons Joint Apprenticeship Trust (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to LMRA §302(c)(5), 29 U.S.C. §186(c)(5).

4. The Cement Masons Southern California Health and Welfare Fund, Cement Masons Southern California Pension Trust, Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Eleven-Counties Cement Masons Vacation Savings Plan, and Cement Masons Joint Apprenticeship (collectively referred to herein as "the Plans" or "Trust Funds") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515, 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are fiduciaries with

respect to the Plans within the meaning of ERISA §21(A), 29 U.S.C. §1002(21)(A).

5. The Plans were established pursuant to collective bargaining agreements between the Eleven Southern California Counties Cement Masons ("Union") and various employer associations representing contractors performing work in the Southern California area within the geographic jurisdiction of the Union. The Plans are administered in the City of Arcadia, within the County of Los Angeles.

6. Plaintiffs are informed and believe and thereon allege that defendant, California Landscape & Design, Inc., doing business as California Skateparks, and also doing business as California Ramp Works, Inc., ("Defendant" and/or "Cal Landscape") was and is a corporation organized and existing by virtue of the laws of the State of California, with its principal business address in Upland, California.

7. This complaint is prosecuted pursuant to LMRA §301(a), 29 U.S.C. §185(a), as against an employer engaged in an industry affecting commerce, and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA.

## GENERAL ALLEGATIONS

8. On or about January 21, 2003, Defendant Cal Landscape entered into a collective bargaining agreement with the Union entitled "Memorandum Agreement" wherein Defendant agreed to be bound to the terms of a written master collective bargaining agreement, and all modifications, changes, renewal extensions or renegotiations thereof, between the Union and the various Employer Associations representing employers in the Southern California area entitled the "Master Labor Agreement between Southern California General Contractors and Eleven Southern California Counties Cement Masons" ("MLA"). Plaintiffs are informed and believe and upon that basis allege that during all times alleged

1  herein the Memorandum Agreement has been and remains in full force and effect
2  and Cal Landscape remains obligated to comply with the terms and conditions set
3  forth in the MLA. A true and correct copy of the Memorandum Agreement and
4  relevant provisions of the MLA are attached hereto and incorporated herein by
5  this reference as Exhibits "1" and "2", respectively.

6        9.      By executing the Memorandum Agreement, Cal Landscape expressly
7  agreed to be bound by the written terms of the Agreements and Declarations of
8  Trust establishing the Plans ("Trust Agreements").  In accordance with the Trust
9  Agreements, Cal Landscape is required to submit monthly reports and make
10 contributions to the Trust Funds at the rates specified in the MLA for each hour
11 worked by or for each hour for which its employees performing work covered by
12 the MLA receive pay.

13       10.     The Trust Agreements require Cal Landscape to report and pay
14 contributions to the Trust Funds at their place of business in the County of Los
15 Angeles, State of California on or before the 15th day of each successive month
16 following the month in which hours are worked by Cal Landscape's employees.
17 Contributions not postmarked on or before the 25th day of each month following
18 the month in which hours were worked are deemed delinquent.

19       11.     The Trust Agreements provide that it would be extremely difficult, if
20 not impracticable, to fix the actual expenses and damages to the Trust Funds that
21 would result from the failure of a contractor to timely pay the required
22 contributions. Therefore, the Trust Agreements provide the assessment of
23 liquidated damages on all delinquent contributions. The Trust Agreements provide
24 that the amount of damage to the Trust Funds resulting from the failure to pay
25 contributions when due shall be presumed to be the sum of $25.00 or 10% of the
26 amount of the contributions due, whichever is greater.  This amount becomes due
27 and owing as liquidated damages, and not as a penalty, on delinquent
28 contributions, and is owed in addition to any delinquent contributions.

12. The Trust Agreements further require the payment of interest on any unpaid contributions or liquidated damages, as a partial reimbursement of lost income and investment opportunity, at the rate of seven percent (7%) per annum, or at the legal rate per annum, whichever is greater, commencing from the due date of the contribution and continuing until the delinquent contribution is paid.

13. The Trust Agreements require the payment of reasonable attorneys' fees and costs, including court costs, and other expenses incurred by the Trust Funds in the collection of delinquent contributions.

## FIRST CLAIM FOR RELIEF
## [BREACH OF CONTRACT - SPECIFIC PERFORMANCE]

14. Plaintiffs hereby reallege each allegation contained in paragraphs 1 through 13 of this complaint, as if fully set forth herein.

15. Plaintiffs are informed and believe and upon that basis allege that Cal Landscape's employed persons who performed work covered by the MLA during the period of 2003 to date and continues to employ persons for whom contributions are required to be made to the Trust Funds.

16. Plaintiffs are informed and believe and upon that basis allege that Cal Landscape failed to pay contributions to the Trust Funds for all hours worked or paid to employees performing work covered by the MLA during the period April 2005 to date as disclosed by a partial audit of Defendant. By failing to pay contributions in accordance with the terms of the MLA and Trust Agreements on or before the twenty-fifth day of the month following the month in which hours were worked, Cal Landscape thereby breached the terms of the MLA and Trust Agreements.

17. The MLA and Trust Agreements expressly provide that the Plaintiffs shall have the authority to audit employer's records to determine the appropriate contributions. The MLA and Trust Agreements require that upon request of Plaintiffs, Cal Landscape shall permit the Trust Funds' auditor to review any and

all employee compensation records relevant to the enforcement of the MLA upon not less than five (5) working days after demand.

18. Plaintiffs have determined that the following records are required for audit: payroll records, including time cards or time books, individual employee compensation records and payroll journals, cash disbursement records, including non-payroll cash disbursements, cash disbursement journals, canceled checks and check stubs, and detail back up for cash disbursements, *i.e.*, payments to sub-contractors; Quarterly State Tax Returns, monthly employer reports to other Trusts and general ledger solely to verify labor use and consumption, Federal W-2s Forms, Federal Forms 1099 and 1096, and certified payroll records and job files for all work performed within the jurisdiction of the MLA

19. Article XXVIII of the MLA includes within the definition of "delinquency" the failure to submit to an audit and/or failure to schedule an audit. The Trust Agreements expressly provide that if a contractor refuses any audit allowed by the Trust Agreements or by the MLA and if an action is filed to compel audit, the employer shall pay any and all attorneys' fees actually incurred, as well as all costs and any other relief ordered by the court.

20. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded Cal Landscape permit an audit of its records for the period of 2005 to date, to ascertain if Defendant has accurately reported and paid contributions in accordance with the MLA and the Trust Agreements. Cal Landscape has failed, refused, and continues in such failure and refusal to fully comply with Plaintiffs' audit demand and has failed to provide records that will allow Plaintiffs to determine benefits, and has thereby breached the MLA and Trust Agreements.

21. Without access to the compensation records identifying work performed within the jurisdiction of the MLA, Plaintiffs are unable to determine

whether Cal Landscape has accurately reported, and/or the amount of the Defendant's delinquency because reporting is based solely on Defendant's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Defendant's records, Plaintiffs will be unable to determine whether benefits have been properly paid to Cal Landscape employees which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

22. As a result of Cal Landscape's breach of the MLA and Trust Agreements, Plaintiffs have no adequate remedy at law. The amount of damages incurred as a result of Cal Landscape's breach has not been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

23. As a result of Defendant's failure to make all categories of records available for audit, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld to compel audit.

24. In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring that Cal Landscape produce the specified records for audit by the Plaintiffs, and to an award of reasonable attorney's fees and all costs, including audit costs, incurred in enforcing the terms of the MLA and Trust Agreements.

25. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the MLA and Trust Agreements.

## **SECOND CLAIM FOR RELIEF**
### **(Violation of ERISA - Compel Audit)**

26. Plaintiffs hereby reallege each allegation contained in paragraphs 1 through 25, inclusive of this complaint as if fully set forth herein.

27. By failing to accurately report and pay contributions to the Trusts and failing and or refusing to permit an audit by the Plans in accordance with the Provisions of the MLA and Trust Agreements, Defendant has violated ERISA §515, 29 U.S. C. §1145.

28. In accordance with the terms of the MLA and Trust Agreements and pursuant to ERISA §502(g)(2)(E) and 515, 29 U.S.C. § 1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring Defendant to make available for audit by the Plans specified records required to determine benefits for the period of June 1, 2017 to date.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract - Damages)

29. Plaintiffs hereby reallege each allegation contained in paragraphs 1 through 28, inclusive of this complaint as if fully set forth herein.

30. Plaintiffs are informed and believe and upon that basis allege that a partial audit of the Cal Landscapes' records disclosed that Defendant failed to pay contributions to the Trust Funds for all hours worked or paid to employees performing work covered by the MLA. By failing to pay contributions in accordance with the terms of the MLA and Trust Agreements on or before the twenty-fifth day of the month following the month in which hours were worked, Cal Landscape thereby breached the terms of the MLA and Trust Agreements.

31. Despite demand, Defendant has failed to make available all records required to complete the audit. Upon review and completion go the audit, Plaintiffs will seek leave to amend the complaint to allege all amounts owed to the date of judgment.

32. Despite demand, Defendant has failed to pay the unpaid contributions disclosed by the partial audit, liquidated damages and interest assessed on the unpaid contributions in breach of the MLA and Trust Agreements.

33. As a result of Defendant's breaches of the MLA and Trust Agreements, it has been necessary for Plaintiffs to engage the firm of Wohlner Kaplon Cutler Halford & Rosenfeld for the purpose of collecting delinquent contributions and enforcing the terms of the MLA and Trust Agreements, and Plaintiffs are entitled to reasonable attorneys' fees in connection therewith.

34. Prior to the commencement of this action, Plaintiffs have complied with all conditions, if any, on their part to be performed under the MLA, Trust Agreements and as required by law.

## FOURTH CLAIM FOR RELIEF
## (Violation of ERISA - Collection)

35. Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 34, inclusive, of this complaint as if fully set forth herein.

36. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the MLA and Trust Agreements, Defendant has violated ERISA § 515, 29 U.S.C. §1145. In accordance with ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to and hereby demand an award of all unpaid contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, incurred in enforcing the terms of the Agreements, and the Trust Agreements.

WHEREFORE, Plaintiffs demand Judgment against defendant CALIFORNIA LANDSCAPE & DESIGN, INC., dba CALIFORNIA SKATEPARKS, also dba as CALIFORNIA RAMP WORKS, INC., California corporation, as follows:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF:**

1. For an Order compelling accounting and audit whereby Defendant shall be directed by the Court within a specified time after entry to:

A. Make available to Plaintiffs all of the books and records of Defendant required to determine contributions to the Trust Funds including but not limited to payroll records including time cards or time books, individual employee compensation records and payroll journals, cash disbursement records, including non-payroll cash disbursements, cash disbursement journals, canceled checks and check stubs, and detail back up for cash disbursements, i.e., payments to sub-contractors; Quarterly State Tax Returns, monthly employer reports to other Trusts and General Ledger solely to verify labor use and consumption, Federal W-2s Forms, Federal Forms 1099 and 1096, and certified payroll records and job files for work performed within the jurisdiction of the MLA, and such other records as may be necessary in the opinion of the Plaintiffs' auditor for the period of June 1, 2017 to date.

B. Afford to the Plans both ample time and opportunity to examine all of Defendant's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of Plaintiffs.

2. That in the event Defendant cannot produce all of the records required to be examined, the Court enter an Order Compelling Record Reconstruction where Defendant shall be directed by the Court within a specified time after the entry thereof, to:

A. Apply to the Federal and State agencies with which Cal Landscape previously filed periodic reports pertaining to employees for copies of Defendant's reports to them for all of the periods for which Defendant cannot produce records; and

B. Subsequently make available to the Plaintiffs all such copies of Defendant's periodic reports to the Federal and State agencies under the conditions set forth in 2(B) above;

**ON THE THIRD AND FOURTH CLAIMS FOR RELIEF**

3. For an award of unpaid contributions disclosed by Audit of Defendant's records;

4. For accrued interest at the rate of seven percent (7%) per annum or the legal rate per annum, whichever is greater, on all unpaid contributions disclosed by audit calculated from due dates to dates of payment;

5. For payment of liquidated damages assessed at the rate of ten percent (10%) or twenty-five dollars, whichever is greater, on all unpaid contributions disclosed by audit;

**ON ALL CLAIMS FOR RELIEF**

6. For auditors' fees:

7. For reasonable attorneys' fees incurred in prosecuting this action;

8. For costs of suit; and

9. For such other legal or equitable relief under ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

DATED: May 24, 2021

Kathryn J. Halford
Elizabeth Rosenfeld
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD

BY: */s/ Kathryn J. Halford*
Kathryn J. Halford
Attorneys for Plaintiffs
Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Eleven Counties Cement Masons Vacation Savings Plan, Board of Trustees of the Cement Masons Joint Apprenticeship Trust, and Board of Trustees of the Cement Masons Southern California Individual Retirement Account Defined Contribution Trust